SPECTOR, Chief Judge.
This is a petition for writ of habeas corpus filed by appellant during the pendency in this court of his appeal from a judgment of conviction and one year sentence following a jury verdict of guilty of attempted sale or delivery of barbiturates.
The notice of appeal was timely filed on April 19, 1972. Under the rules applicable to criminal appeals, the record on appeal, including the transcript of the testimony taken at the trial, was due to be filed here on or about May 29, 1972. The court reporter moved for and received three extensions of time for filing the trial transcript for a total of approximately 115 days beyond the time provided by the rules.
As of October 19, 1972, the record on appeal had not yet been filed and being apprehensive that his one year sentence will have been served before the appeal papers were filed and considered by this court, the appellant filed the instant petition for writ of habeas corpus in which he alleged his right to appeal and stated in essence that said right is effectively being thwarted by the State’s failure to provide for the timely transcription of the trial testimony so that it may be considered before he serves his one year sentence. That contention is not totally without merit and certainly casts grave doubts on whether an appellant in a criminal case is being afforded due process by a system which indirectly deprives him of timely review by the expedient of understaffed court reporting facilities. It may be that in a proper case where the delay in preparing trial transcripts is so great that a substantial portion of a defendant’s sentence is served before the case can be reviewed on appeal, a persuasive argument for release during the pendency of the appeal can be made. To so rule would require the State to shoulder the burden of its failure to provide for adequate court reporting rather than the defendant. It goes without saying that the latter would hardly benefit from a reversal of the conviction after he had already served his sentence. The right to appeal is hollow at best if such a result were to occur.
Although we deem it appropriate to make the foregoing preliminary observations concerning appellant’s prayer for release pending completion of the appellate process, we are declaring the issues raised in appellant’s petition now moot because the long awaited trial transcript was filed in this court on November 2, 1972, and the instant appeal can now be prosecuted without further delay.
Accordingly, the petition for habeas corpus filed herein whereby appellant seeks redress for the State’s undue delay in providing him an effective appellate review of his conviction and sentence is denied on the ground that the claim has been rendered moot by the filing of the transcript of testimony.
By his petition for writ of habeas corpus, petitioner alleges that on May 2, 1972, his application for bail pending appeal was denied. In view of the circumstances hereinabove related and set forth, the trial court is hereby directed to forthwith reconsider petitioner’s application for bail pending appeal and to grant said petition, fixing bail in such reasonable amount as shall be proper. The posting of such bail shall supersede the judgment of conviction and sentence now on appeal to this court until final disposition of the cause.
WIGGINTON and CARROLL, DONALD K., JJ., concur.